OPINION
Defendant-appellant, Rusty E. Mootispaw, appeals the decision of the Fayette County Court of Common Pleas to dismiss his petition for postconviction relief without an evidentiary hearing. We affirm the decision of the trial court.
On May 22, 1981, appellant was indicted on one count each of aggravated burglary, complicity to commit aggravated burglary and aggravated murder. Appellant pled guilty to an amended indictment charging one count of murder. Appellant was sentenced to a minimum of fifteen years to a maximum of life in prison. On October 28, 1998, appellant filed a motion for postconviction relief pursuant to R.C. 2953.21. The trial court, without explanation, overruled the motion without an evidentiary hearing. From this decision, appellant filed a timely notice of appeal and presents four assignments of error for our review:
Assignment of Error No. 1:
 The trial court erred in denying Appellant's petition for post-conviction relief without citing any findings of fact and conclusions of law after Appellant claimed and proved that 1) his guilty plea was involuntary as the trial Court failed to advise him of his appeal rights, the right to exercise his rights within 30 days, the right to withdraw his guilty plea before he was delivered to the institution to serve his sentence, the right to speak as to why sentence and judgment should not be pronounced, the right to state whether anyone had brought pressure to bear upon the Appellant in order to secure his plea;
Assignment of Error No. 2:
 The Appellant had ineffective assistance of counsel in that his counsel failed to inform him of his right to appeal, his trial counsel failed to advise him of his right to withdraw his guilty plea before he was delivered to the institution to serve his sentence, that trial counsel and the prosecution failed to bring to the attention of the trial court Appellant's state of mind at the time of his plea, i.e. that the Appellant had attempted suicide by cutting his wrist in the Fayette County jail;
Assignment of Error No. 3:
 Appellant was incompetent to represent himself in the filing of his petition for post-conviction relief;
Assignment of Error No. 4:
 The trial Court errer [sic] in not granting a [sic] Evidentiary hearing on the grounds presented in Appellant's petition for post-conviction relief.
In the first assignment of error, appellant claims that the trial court erred by failing to file findings of fact and conclusions of law. We disagree. Appellant was sentenced prior to September 21, 1995, the effective date of Am.Sub.S.B. No. 4 ("Senate Bill 4"), and therefore was required to file his petition no later than September 23, 1996 in order to be timely.[1]
Senate Bill 4, Section 3; State v. Saylor (Dec. 22, 1997), Butler App. No. CA97-01-018, unreported, at 1; State v. Askins (Sept. 26, 1997), Hamilton App. No. C-961000, unreported, at 4; State v.Powell (May 14, 1999), Portage App. No. 98-P-0060, unreported, at 6. Appellant filed his petition on October 28, 1998, beyond the mandatory statute of limitations.
Pursuant to R.C. 2953.21(G), a trial court is required to file findings of fact and conclusions of law. However, under these circumstances, we fail to see any need for the trial court to have filed findings of fact and conclusions of law because the trial court lacked jurisdiction to rule on the merits of the untimely petition. Therefore, the first assignment of error is overruled. The remaining assignments of error are overruled as moot.
Judgment affirmed.
YOUNG and VALEN, JJ., concur.
[1] September 21, 1996 was a Saturday and, therefore, appellant could have filed his petition on or before Monday, September 23, 1996. See Civ.R. 45(A).